**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CHONG SU YI,                                    *

    Plaintiff                              *

         v                                *          Civil Action No. DKC-16-561

DEMOCRATIC NATIONAL PARTY, et al.,          *

    Defendants                           *
                                      ***

## <u>MEMORANDUM OPINION</u>

The above-captioned Complaint was filed on February 26, 2016, together with a Motion to Proceed in Forma Pauperis.  ECF No. 2.  Because Plaintiff appears to be indigent, the motion shall be granted.  Plaintiff has filed an Amended Complaint.  ECF No. 3.

The Amended Complaint characterizes the facts and arguments in his case as:

When Donald Trump switch to Independent, his end result being president candidate relative to voters; would: vary; as he takes away from two major parties; for his support; In State of Maryland, when voter switch affiliation; from two major parties to independent; vice versa, the end result is not identical; as Donald Trump, the aggregate issues; herein voters; in Donald Trump; would become fluid; but Plaintiff when switches from independent to major party, vice versa; the aggregate issues; herein issues person can choose to vote; vary; from major party primary to independent; there is no issues to vote; as independent; as major party primary; there is no primary as independent; thereby violates due process of the law; by virtue so existence of DNC and RNC who uses state resources; as Plaintiff is registered independent.

When, as in example, Girl Scout of America hold primaries and caucuses and elect their candidates on November 8th; of presidential election year; as candidates for president, senate, house, governor, et al; they do not use State's resources; to elect their candidates but DNC and RNC ipso facto in the prior ordo cogniscendi; State DNC and RNC use State's resources; to execute 'to vote' in 15th amendment; and this is unconstitutional in multiple levels and multiple fronts....

DNC et al., in State of Maryland uses Montgomery County voting machines, Montgomery County Voter's registration information; and State of Maryland has Maryland State board of Elections; to govern primaries; while primaries are

manned by DNC and RNC people; These are not same as in example aforementioned Girl Scout of America; therefore, its unconstitutional because current [process violates deprivation of "liberty" mentioned in 14th amendment without due process of the law; of 'to vote' in said amendment.....

DNC and RNC are Nongovernmental Organization; NGO; as NGO, it cannot use State resources without due process of the law; or consent of congress in matter of Life, Liberty, Pursuit of Happiness; in Preamble of Constitution; as well as in prohibition placed in 14th amendment Life and Liberty without due process of the law. State Compact is lawful to resolve dispute between States in matter of None Life, None Liberty issue; i.e. water rights and land dispute; setting aside on National Driver's Register; NDR; is not stipulated as lawful, i.e. matter for another court; in that Congress always maintained in matte or Life and Liberty of citizens of United States is concerned; State may not make State Compact. DNC and RNC does not have Congressional consent in 'to vote' in 15th amendment; because Constitution mandated Congress has sole jurisdiction in enforcement. Therefore DNC and RNC in its current operational protocol; of its existence is unconstitutional....

"To Vote" in 15th Amendment is Non States Issue To paraphrase Article VI, which it states "What is not enumerated, enunciated, incorporated in Constitution is matter of States" and 15th amendment states: Section 1. The right of citizens of the United States to vote shall not be denied or abridged by the United States of by any State on account of race, color, or previous condition of servitude. It simply means people of colored who are citizens 'to vote' per 15th amendment must be regulated by Federal Agency; and since "rights of citizens" in Constitution only exist in Article 1 Section 8; tax is for to defend and general welfare; i.e. to vote in general welfare; to defend created U.S. Military i.e. Pentagon et al., which mans 'to vote' must be regulated by Federal Agency.

Because 2016's Maryland DNC and Maryland RNC is not regulated by federal agency, the DNC and RNC primary scheduled for April 26, 2016 must be canceled, which involves 1/3 of senate, entire house, and a president, as such de facto revert is 2014 house and senate; and 2012 president must be declared invalid.

*Id.*, pp. 2-6.

Plaintiff does not allege suffering a direct injury as a result of the statements made.  He asks that the court enter an injunction directing the Democratic National Committee cease operation, the Maryland primary election be canceled, and the 2012 and 2014 Maryland elections held improperly certified.  ECF No. 3 at p. 5.

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Row*e, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

  April 4, 2016                       _____/s/_____
Date                                    DEBORAH K. CHASANOW
                                        United States District Judge